IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JEFFREY N. HOWARD,[1]   )
                        )
        Petitioner,     )
                        )
                        )   CIV-15-38-D
v.                      )
                        )
JANET DOWLING, Warden, et al., )
                        )
        Respondents.    )

REPORT AND RECOMMENDATION

Petitioner, appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

In his Petition entitled "Writ of Habeas Corpus Ad Subjiciendum," Petitioner asserts that he is in custody at the James Crabtree Correctional Center, located in Helena, Oklahoma. Petitioner provides no information concerning a conviction or sentence, other than to allege that "the Muskogee County District Court is an Administrative Court, and Magistrate

---

[1] The Clerk of the Court shall amend the Court's docket sheet to reflect Petitioner's legal name, as it appears in the records of the Oklahoma Department of Corrections. Petitioner has provided no evidence that his name, Jeffrey Nigel Howard, has been legally changed to "Nijeloh Rohockne Alim El Bey" or any other name.

1

Thomas H. Alford does not have jurisdiction to listen to, hear arguments, presentation, rational [sic] or issue judgements an sentences." Although the Petition contains a myriad of obtuse, rambling allegations, Petitioner appears to base his § 2254 Petition upon the assertion that Muskogee County District Judge Alford[2] acted without jurisdiction, but the assertion is unsupported by any authority or sufficient facts to determine the nature of Petitioner's habeas claim(s).

The public records of the Oklahoma Department of Corrections reflect that Petitioner is incarcerated serving a two-year sentence for his conviction for Assault with a Deadly Weapon entered on April 23, 2014, in the District Court of Muskogee County in Case No. CF-2012-722. http://www.ok.gov/doc/ (offender lookup last accessed January 14, 2015). Petitioner has a future one-year sentence to serve for his conviction for Bail Jumping entered on April 30, 2014, in the District Court of Muskogee County in Case No. CF-2013-33. Id.

Having reviewed the Petition under Rule 4, the undersigned finds:

(1) that the Petitioner is presently a prisoner in the custody of the Oklahoma Department of Corrections, and confined at the James Crabtree Correctional Center, Helena, Alfalfa County, Oklahoma, which is located within the territorial confines of the Western District of Oklahoma, 28 U.S.C. § 116(c);

(2) that the Petitioner demands his release from such custody and alleges he is being

---

[2] http://www.oscn.net/applications/oscn/start.asp?viewType=COUNTYINFO&county =MUSKOGEE (listing judges in Muskogee County, Oklahoma).

deprived of his liberty in violation of his rights under the Constitution of the United States[3];

(3) that the court which imposed upon Petitioner the convictions and sentences under attack was the District Court of Muskogee County, Oklahoma, which is located within the territorial confines of the Eastern District of Oklahoma, 28 U.S.C. §116(b);

(4) that the United States District Court for the Eastern District of Oklahoma, based on the place of conviction, and the United States District Court for the Western District of Oklahoma, based on the place of custody, have concurrent jurisdiction to entertain the application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(d).

It is a long-standing policy of this Court, see <u>Gloria Curls v. Mary Livers</u>, Case No. CIV-89-1310 (W.D. Okla. 1989)(Opinion and Order), that justice would be better served by the adjudication of habeas petitions in the district court where the conviction was entered because this is the district where the trial or plea proceedings were conducted, court officials and records are located, where counsel for the prosecution and petitioner are ostensibly available, and potential witnesses usually reside. These factors are particularly germane to the instant matter considering the issues raised in the Petition.

This Court, in its discretion and the furtherance of justice, may transfer this application to the United States District Court for the Eastern District of Oklahoma, the district where the convictions and sentences under attack occurred. 28 U.S.C. § 2241(d). Balancing the convenience of the two forums and in the interests of justice, the federal court

---

[3]Petitioner also seeks damages, and he is advised that monetary damages are not available in a 28 U.S.C. § 2254 habeas action.

in the Eastern District of Oklahoma is the appropriate court to determine the merits of the Petition.

RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus be transferred to the United States District Court for the Eastern District of Oklahoma for determination. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 4th, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this 15th day of January, 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE