# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JEFFREY NIGEL HOWARD,** | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 15-050-RAW-KEW |
| **JANET DOWLING, Warden,** | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma, has filed this petition for a writ of habeas corpus, which is construed as arising under 28 U.S.C. § 2254. According to the Oklahoma Department of Corrections website at http://www.ok.gov.doc, he is serving a two-year sentence for Assault with a Dangerous Weapon in Muskogee County District Court Case No. CF-2012-722, with a future one-year sentence to serve for Felony Bail Jumping in Muskogee County District Court Case No. CF-2013-033.

Petitioner's rambling petition includes a purported history of "The Treaty of Peace and Friendship of 1836 A.D. Between Morocco and the United States," and he argues that this treaty somehow is pertinent to his criminal convictions. (Dkt. 1 at 1-2). He is complaining that "the Muskogee County District Court is an Administrative Court, and Magistrate Thomas H. Alford does not have jurisdiction to listen to, hear arguments, presentation,

rational [sic] or issue judgments and sentences." (Dkt. 1 at 3).[1] Petitioner further alleges that "[a]s a Magistrate, one should be well versed in law, Magistrate Thomas H. Alford knowingly committed fraud as he knowingly has been administering in a capacity which he does not have jurisdiction, delegation of authority or judicial powers delegated from the legislature." (Dkt. 1 at 4).

Attached to the petition is an "Affidavit of Fact International Document" from The Moorish National Republic Federal Government Northwest Africa, The Moorish Divine and National Movement of the World." (Dkt. 1-1). This incoherent document appears to be asserting, among other things, that as a Moorish-American, petitioner is "not subject to the foreign colorable United States Corporation." (Dkt. 1-1 at 2).

As an initial matter, petitioner is requesting relief in the form of immediate release from custody, along with compensatory and punitive damages for false imprisonment. (Dkt. 1 at 4). To the extent he is seeking compensatory damages for his alleged unconstitutional incarceration, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). Therefore, petitioner's request for monetary relief cannot be considered in this habeas petition.

Next, the court finds there is no evidence that petitioner has exhausted his state court remedies for the claims in this petition. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir.

---

[1] According to the Oklahoma State Courts Network at http://www.oscn.net, Judge Alford presided over both of petitioner's criminal cases at issue in this habeas corpus action.

1994), and the court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims, *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Finally, the court must look to the statute governing habeas corpus actions that are filed pursuant to 28 U.S.C. § 2254:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

The court has carefully reviewed the record and has construed petitioner's petition liberally. *See Haines v. Kerner*, 404 U.S. 519 (1972). It is clear, however, that petitioner has failed to allege facts that demonstrate he has made the showing required by 28 U.S.C. § 2254. The court further finds that an amended petition would be futile, because petitioner's claims have no merit on the face of the petition.

Based on the above reasons, the court finds petitioner's allegations are frivolous, and it plainly appears from the petition and the attached exhibit that petitioner is not entitled to relief. *See* Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").

**ACCORDINGLY,** petitioner's petitioner for a writ of habeas corpus is DENIED, and this action is DISMISSED in its entirety. Petitioner also is DENIED a certificate of appealability, because he has failed to make "a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2).

       **IT IS SO ORDERED** this 3rd day of March 2015.


**Dated this 3rd day of March, 2015.**

                                                Ronald A. White
                                                United States District Judge
                                                Eastern District of Oklahoma